

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-2032
> Re: Mileage fees of sheriff in case
> set forth.

Your recent request for an opinion of this department on the questions as are herein stated has been received.

We quote from your letter as follows:

"Your opinion as to proper fees in the following fact situation case is respectfully requested:

"First: A sheriff in attempting to apprehend a man under indictment for a felony charge travels several hundred miles from one place to another and failing to locate him returns home. Is he entitled to a mileage fee?

"Second: The sheriff learns that a city marshal of a foreign county may be in possession of information and may be able to locate the prisoner under indictment. He phones the city marshal to locate the prisoner, deliver him to his jail and he will pay him a certain amount for his service. The city marshal without a warrant of any nature secure the prisoner, brings him to the sheriff's jail and in due time receives the agreed amount. Can the sheriff legally claim 15¢ and 30¢ a mile from the State as provided in Article 1030 CCP? For your further information I am attaching a statement made by the sheriff setting out facts in this case."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, Page 2

The statement made by the sheriff setting out the facts in the above mentioned case is as follows:

"This is to certify that the facts in the Ted Wells case No. 1154, Stonewall Co., are as follows:

"Ted Wells was indicted for swindling in Stonewall Co. Feb. 22nd, 1939. His original arrest was at Houston on Sept. 21, 1939. No examining trail was held. I learned that Wells was at Lubbock about Sept. 14th or 15th, went to Lubbock, there learned that he was in Wichita Falls; arriving at Wichita Falls I was told that he had gone to Ft. Worth; I went on to Ft. Worth and there was told that he had just left for Jacksboro. At Jacksboro I went to his mother's house and she told me that he had left either Houston or Oklahoma City. I then went to Megargel, Archer Co. trying to secure additional information. There I met A. M. Moore, City Marshal, Megargel, and he stated that he was acquainted with Wells and thought he could locate him in a few days; I then came back home. About two days after Moore called me and said that he thought he had Wells located and I made a trade with Moore to pay him $65.00 to bring Wells to my jail. He was delivered without warrant.

"On Sept. 21, 1939 he arrested Wells in Houston and brought him to my jail. I filed for mileage fee in my State account in my November '39 account, claiming mileage from Aspermont to Lubbock, then to Wichita Falls, then to Ft. Worth and to Houston at 15¢ per mile; Houston to Aspermont at 30¢ per mile, showing that I traveled the entire distance. When my state account was approved and warrant received I paid Moore the agreed amount of $65.00. If I am due any refund on this account to the State I am ready to settle same but have paid Moore in full."

As we understand your first question, it is whether or not a sheriff is entitled to mileage for unsuccessful

Hon. George H. Sheppard, Page 3

trips made in search of a person charged with a felony when such person is finally arrested.

This department answered this question in the negative in a letter opinion addressed to W. G. Lanier under date of June 28, 1927. The facts in that opinion were very similar to the facts presented in your inquiry.

Volume 35, Cyc., page 1592, states the general rule as follows:

"The general rule is that a sheriff has no right to mileage in attempting to serve process or make an arrest which is not actually or lawfully served or made, and even though he ultimately serves the process or makes the arrest he cannot charge mileage for previous unsuccessful attempts."

57 Corpus Juris, 1112, states the rule as follows:

"The statutes some times allow a sheriff compensation for endeavoring to serve process, although he is unable to find and serve the party; but in the absence of an applicable provision to this effect the sheriff is entitled to no fees for unsuccessful attempts to serve process." See Wagener vs. Ramsey County, 79 NW 166.

There is no provision in our statutes which authorizes the sheriff to collect a mileage fee for an unsuccessful attempt to serve process or a warrant of arrest, and this department has repeatedly held that a sheriff or constable is not entitled to mileage fees for such unsuccessful attempts.

As stated in your letter, the sheriff attempted to arrest a man under indictment for a felony charge and traveled several hundred miles and failed to locate the defendant, and the sheriff returned home without making

Hon. George H. Sheppard, Page 4

any arrest. Under this statement of facts, your first question is respectfully answered in the negative.

With reference to your second question, it is stated in your letter that the sheriff learned that a city marshal in another county might be in possession of information and would probably be able to locate the defendant under indictment; therefore, the sheriff phoned the city marshal to locate the prisoner and deliver such prisoner to the jail in the county of the sheriff's residence. The sheriff agreed to pay the city marshal a certain amount for this service. With this understanding between the sheriff and the city marshal, the city marshal, without a warrant, secured the prisoner and brought him to the jail in the county of the sheriff's residence and was paid the amount agreed upon between the sheriff and city marshal for such service. Therefore, the question arises whether or not the sheriff can legally claim 15¢ and 30¢ per mile from the State as provided in Article 1030, Code of Criminal Procedure.

Article 1030, Code of Criminal Procedure, expressly provides certain fees for sheriffs or constables by the way of compensation for such sheriffs or constables performing the duties enumerated therein. Article 1031, Code of Criminal Procedure, provides in effect that when services have been rendered by any peace officer other than a sheriff, such as enumerated in Article 1029 and Article 1030, Code of Criminal Procedure, such officer shall receive the same fees therefor as are allowed the sheriff. The same shall be taxed in the sheriff's bill of costs and noted therein as costs due such peace officer; and when received by such sheriff, he shall pay the same to such peace officer.

After a careful search of the statutes and many cases, we are unable to find any authorities that authorize the sheriff to direct a city marshal to perform the duties as specified in your letter. Clearly, the sheriff has not complied with Article 1030, Code of Criminal Procedure, and it is necessary that we bear in mind the fact that the fee statutes are strictly construed and fees by implication

Hon. George H. Sheppard, Page 5

are not permitted. Texas Jurisprudence, Vol. 34, page 456; McCalla vs. City of Rockdale, 46 SW 654.

Therefore, your second question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED MAR 28, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

